The judge in the present case, in like manner, left it to the jury to determine, whether Doctor fames, at the time he performed the services in this case, intended it as q favour or a charge, and to return a verdict accordingly. *103 The jury found for the plaintiff the amount of his demand tOl. sterling.
See 10 ¿Mod. 67. Vin. tit". Contract, vol° 5. p. 507-
After argument in favour of this motion for a new trial, the judges laid it down as correct law, that all contracts must be good or bad in their original creation, and must not depend on subsequent contingencies ; that is, whether the party chose to make it a gift, or a charge at a future day or not. That it will never permit a friendly act, or such as was intended to be an act of kindness or benevolence, to be afterwards converted into a pecuniary demand ; it would be doing violence to some of the kindest and best effusions of the heart, to suffer them afterwards to be perverted by sordid avarice. Whatever differences may arise afterwards among men, let these meritorious and generous acts remain lasting monuments of the good offices, intended in the days of good neighbourhood and friendship ; and let no after circumstances ever tarnish or obliterate them from the recollection of the parties. But as the party defendant himself had thought proper to take this case from the court, and to submit it to a jury, who in the summary and equitable jurisdiction of this court, were judges, jurors and chancellors of his own choosing, he must be bound by their decision or verdict, as. much as he would have been bound by an award of arbitrators, against whom no misconduct could be alleged.
Therefore the motion for a new trial was refused on the ■latter ground only.
■Present, Buíuce, Grimke, WatIes and Bat..